UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE H. CHAPPELL,<br><br>        Petitioner,<br><br>    v.<br><br>ST. ANDRE,<br><br>        Respondent. | No. 2:22-cv-1429 KJM AC P<br><br>ORDER TO SHOW CAUSE |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    The petition states that petitioner is challenging his 2009 conviction. ECF Nos. 1, 5. Petitioner alleges that he received an unauthorized sentence, he was denied a fair trial, and that counsel was ineffective by failing to conduct an investigation. Id.

    Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of

1  limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and
2  Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624
3  (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates.
4  See 28 U.S.C. § 2244(d)(1). In this case the applicable date appears to be that "on which the
5  judgment became final by the conclusion of direct review or the expiration of the time for seeking
6  such review." 28 U.S.C. § 2244(d)(1)(A).

7  Having reviewed the petition for habeas corpus, the court finds that it appears to be
8  untimely. Petitioner states that he "recently" appealed his conviction, as shown by his exhibits,
9  which indicate that petitioner filed a petition for writ of habeas corpus in state court sometime in
10 early 2022. ECF No. 1 at 2; ECF No. 5 at 13. There is no indication, however, that petitioner
11 filed a direct appeal of his conviction. Under California law, a judgment becomes final sixty days
12 after it is rendered if no appeal is filed. Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012) (citing
13 Cal. R. Ct. 8.308(a)). Since petitioner is challenging a 2009 judgment, the instant petition—
14 which was initiated in 2022—is clearly untimely unless petitioner is entitled to statutory or
15 equitable tolling, neither of which is apparent from the petition. Petitioner will therefore be
16 required to show cause in writing why the petition should not be dismissed as untimely.

17 With regard to statutory tolling, the limitations period may be tolled during the time "a
18 properly filed application for State post-conviction or other collateral review with respect to the
19 pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "However, the statute of
20 limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time
21 the first state collateral challenge is filed.'" Roy v. Lampert, 465 F. 3d 964, 968 (9th Cir. 2006)
22 (alteration in original) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)). State
23 habeas petitions filed after the one-year statute of limitations has expired do not revive the statute
24 of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
25 2003).

26 A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of
27 limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and
28 (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

1   Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418
2   (2005). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first
3   arise, but the clock resumes running once the extraordinary circumstances have ended or when
4   the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan,
5   784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014).
6   An "extraordinary circumstance" has been defined as an external force that is beyond the
7   inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required
8   for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"
9   Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted).

10         A showing of actual innocence can also satisfy the requirements for equitable tolling.
11  Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S.
12  383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is
13  more likely than not that no reasonable juror would have found him guilty beyond a reasonable
14  doubt, the petitioner may pass through the Schlup[1] gateway and have his constitutional claims
15  heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. To make a
16  credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it
17  be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical
18  evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner
19  cannot pursue a claim for actual innocence without new evidence to offer for consideration.

20         Accordingly, IT IS HEREBY ORDERED that:
21      1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
22  ////
23  ////
24  ////
25  ////

---

[1] In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

2. Within thirty days of service of this order, petitioner must show cause in writing why the petition should not be dismissed as untimely. Failure to comply with this order will result in a recommendation that the petition be dismissed.

DATED: September 6, 2022.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE