1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BLAKE H. CHAPPELL,                          No.  2:22-cv-1429 KJM AC P

12                    Petitioner,

13         v.                                      ORDER

14    ST. ANDRE,

15                    Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  By order filed September 6, 2022, petitioner was ordered to

19    show cause why the petition should not be dismissed as untimely.  ECF No. 10.  He has now filed

20    his response and motion to stay.  ECF No. 11.

21         The response to the order to show cause is largely comprised of the standards for seeking

22    a stay under Rhines v. Weber, 544 U.S. 269 (2005), and Kelly v. Small, 315 F.3d 1063 (9th Cir.

23    2003), and states that petitioner is requesting a stay under Rhines.  Id. at 1-5.  A Rhines stay is

24    available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed"

25    (contains both exhausted and unexhausted claims) and preserves the federal filing date for

26    unexhausted claims contained in the federal petition.  See Rhines, supra; see also Mena v. Long,

27    813 F.3d 907, 910 (9th Cir. 2016).  In order to obtain a stay under Rhines, the petitioner must

28    show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2)

                                           1

the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation.  Rhines, at 544 U.S. at 277-78.  However, petitioner has not identified which claims are unexhausted, explained why they have not yet been exhausted, or shown that they have merit and that he has not intentionally delayed in pursuing them.  Moreover, petitioner fails to address the timeliness of the petition other than to indicate that he is claiming actual innocence and that he has new evidence to offer, though no new evidence is provided.  ECF No. 11 at 5-6.

When petitioner was ordered to show cause why this action should not be dismissed, he was cautioned that in order to pursue a claim for actual innocence he would be required to submit new evidence for consideration.  ECF No. 10 at 3.  Absent new evidence, petitioner fails to demonstrate that he is entitled to tolling.  Petitioner will be given one more opportunity to produce new evidence of his actual innocence to support his claim that he is entitled to equitable tolling.  Failure to produce any such evidence will result in the recommendation that the petition be dismissed as untimely.[1]  Petitioner will also be given an opportunity to supplement his motion for a stay.  However, he is cautioned that the request for a stay will not be considered unless and until he shows that the petition is timely.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within twenty-one days of the service of this order, petitioner shall submit new evidence in support of his claim that he is entitled to equitable tolling on the ground that he is actually innocent.  Failure to produce any new evidence will result in a recommendation that the petition be dismissed as untimely.

2.  Within twenty-one days of the service of this order, petitioner may supplement his motion for a stay by providing information regarding his unexhausted claims as set forth above.

DATED: September 26, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1]  Petitioner is advised that even if he produces the new evidence, there is no guarantee that it will entitle him to equitable tolling and the petition may still be deemed untimely.

2