UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE H. CHAPPELL, | No. 2:22-cv-1429 KJM AC P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| ST. ANDRE, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

By order filed September 6, 2022, petitioner was ordered to show cause why the petition should not be dismissed as untimely.  ECF No. 10.  The response to the order to show cause was largely comprised of the standards for seeking a stay, but it failed to address the timeliness of the petition other than to indicate that petitioner was claiming actual innocence and that he had new evidence to support his claim, though no new evidence was provided.  ECF No. 11.  Petitioner was then given an opportunity to submit new evidence in support of his claim that he is entitled to equitable tolling on the ground that he is actually innocent.  ECF No. 12.  He has now provided a document styled as an affidavit from a Mrs. Logan, who appears to be petitioner's mother.  ECF No. 13 at 1.  The statement provided by Mrs. Logan states that in 2009, prior to petitioner's plea, she notified the district attorney's office and the officers who arrested petitioner that petitioner

1   was with her at the time of the crime he was accused of committing.  Id.

2         A showing of actual innocence can satisfy the requirements for equitable tolling.  Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup[1] gateway and have his constitutional claims heard on the merits."  Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386.  To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).

      The alibi evidence presented here does not satisfy Schlup's reliability standard.  The statement from Mrs. Logan is neither a sworn statement nor an unsworn declaration signed under penalty of perjury.  Moreover, Mrs. Logan appears to be petitioner's mother, undermining the reliability of any testimony she might give.  See Musladin v. Lamarque, 555 F.3d 830, 850 (9th Cir. 2009) (testimony of a "close family member" is of "questionable reliability").  Finally, the purported new evidence simply identifies a defense of which petitioner would have been aware, but apparently chose not to raise, when he instead chose to plead no contest to the charges.  The unexplained thirteen-year delay in presenting this evidence bears heavily, and adversely, on its reliability.  See McQuiggin v. Perkins, 569 U.S. 383, 399 (2013) ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").  The fact that petitioner would necessarily have been aware of an alibi at the time of his plea also means that this is not "new evidence" within the meaning of Schlup.

      For these reasons, petitioner has failed to demonstrate that he is entitled to equitable tolling on the ground that he is actually innocent.  Because petitioner has not identified any other grounds for tolling the statute of limitations, the petition is untimely for the reasons set forth in

---

[1] In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

the September 6, 2022 order to show cause (ECF No. 10), which is incorporated herein by reference.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: October 31, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE