UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE H. CHAPPELL,<br><br>   Petitioner,<br><br>   v.<br><br>ST. ANDRE,<br><br>   Respondent. | No.  2:22-cv-01429 KJM AC P<br><br><br>ORDER |

   Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On October 31, 2022, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 14.  After receiving an extension of time, petitioner filed timely objections to the findings and recommendations.  ECF No. 18.

   In his objections, petitioner reiterates his actual innocence claim and requests an evidentiary hearing.  Attached to the objections, he includes a signed letter by Nicholas Vargas, which states petitioner "was [at his property] consistently every day with myself and my family" and "was a worker whom [sic] worked for me 'day in and day out up until his court date.'"  *Id.*

1

at 5.  Vargas also notes he sent a letter attesting to petitioner's innocence to the District Attorney and to the Superior Court, and attended court hearings.  *Id.*

As the magistrate judge's findings and recommendations explain, a showing of actual innocence can equitably toll an otherwise time-barred habeas petition, *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc), but only when "new reliable evidence" is presented "that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The magistrate judge concluded a letter from petitioner's mother, Mrs. Logan, did not qualify as new reliable evidence.  *See* ECF No. 14 at 2.  Petitioner's additional letter does not satisfy *Schlup*'s standard for the same reasons the statement from Mrs. Logan did not satisfy it.  First, the statement is neither a sworn statement nor an unsworn declaration signed under penalty of perjury.  *See Schlup*, 513 U.S. at 324 (explaining reliable evidence includes "scientific evidence, trustworthy eyewitness accounts, or critical physical evidence").  Second, this evidence is not "new," as petitioner, the District Attorney, and the Superior Court were all purportedly aware of the alibi.  Even if Vargas did not successfully contact the District Attorney or the Superior Court, there is no explanation for the thirteen-year delay in presenting this evidence.  *See* ECF No. 14 at 2; *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013).  In sum, for the same reasons Mrs. Logan's statement did not establish a credible claim of actual innocence, the Vargas letter does not establish a credible claim of actual innocence for purposes of *Schlup*.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.  Moreover, as noted by the magistrate judge, the first amended petition, filed after the findings and recommendations were issued, is substantively identical to the original petition and the October 31, 2022 findings and recommendations therefore apply equally to the amended petition.  *See* ECF No. 17 at 2.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 31, 2022 (ECF No. 14), are adopted in full;

2

    2. Petitioner's application for a writ of habeas corpus is dismissed as untimely;

    3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

    4. The Clerk of the court is directed to close this case.

DATED: January 24, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE